# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

EDWARD PERREY,              )
                                  )
            Plaintiff,       )
                                  )     **CAUSE NO. 3:06-CV-047 AS**
     v.                            )
                                  )
THERESE M. BROWN, *et al.*,   )
                                  )
          Defendants.   )

## *OPINION AND ORDER*

Edward Perrey, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Perrey alleges that he was denied access to the court when the clerk of court or her employee(s) used white-out to cover the addresses of his witnesses on one copy of his witness list. On August 8, 2005, the state court magistrate set a hearing on October 13, 2005, but (as a result of being presented a copy of that redacted list) he declined to issue subpoenas to those four witnesses because he did not know where to send them. Within days, Mr. Perrey received a copy of the magistrate's order and knew there was a problem. One of his prospective witnesses then went to the clerk's office to investigate. The clerk said that the public copy of the witness list was redacted for confidentiality reasons and that the wrong copy was sent to the magistrate judge by mistake. Mr. Perrey believes that this was all done as a part of a malicious effort to prevent him from pursuing his legal claims. Either way, those redactions did not result in any harm to Mr. Perrey and they did not prevent him from accessing the court.

There are several reasons why the redactions were harmless, presented here in reverse order of importance. First, in the order of August 8, 2005, the state court magistrate did not prohibit Mr. Perrey from calling his four witnesses, he

only refused to issue subpoenas. A subpoena is only need to compel the attendance of a witness who will not attend voluntarily. Since one of his witness was willing to investigate for him, it is unreasonable to infer that this witness would have refused to voluntarily testify. Mr. Perrey does not allege that any of his other witnesses were hostile to him and would have refused to testify unless subpoenaed. Based on this complaint, it would not be reasonable to draw that inference. Nevertheless, even if they were hostile witnesses, Mr. Perrey was in no way prevented from filing a motion which would have called the magistrate's attention to the error and asking that the order be amended and the subpoenas issued. Despite filing other motions with the state court along with a tort claim notice and a complaint to the Indiana Supreme Court, Mr. Perrey does not allege that he tried to correct this error in the simplest way possible, nor does he explain why he did not. Based on this complaint, it is not reasonable to infer that he attempted to reasonably correct the error by merely filing a motion addressing this question. But even if he had, the dispositive reason that redacting the witness addresses was harmless is because the hearing was cancelled for reasons wholly unrelated to the missing addresses. Even if the addresses had been listed and even if the subpoenas had been issued, the magistrate judge would have still cancelled the hearing and all of the subpoenas because Mr. Perrey was seeking to be represented by the State Public Defender. On September 22, 2005, the state court magistrate cancelled the *pro se* hearing and referred the case to the State

Public Defender. Therefore the redaction of the witness addresses with white-out was harmless. Because it was harmless, it did not deny Mr. Perrey access to the courts or impinge on any of his constitutional rights.

Mr. Perrey also alleges that the clerk of court denied him access to the court when she or her employee(s) did not send a copy of one or more of his filings to the deputy prosecutor. Mr. Perrey alleges that she was required to do so, but neither the clerk nor anyone in the clerk's office was required to do so – he was.

> An attorney or unrepresented party tendering a document to the Clerk for filing shall certify that service has been made, list the parties served, and specify the date and means of service.

IND. R. TRIAL P. 5(C). Nevertheless, even if the clerk had been required to mail copies of his filings, failing to do so did not result in any harm to Mr. Perrey and did not prevent him from accessing the court.

Mr. Perrey attaches a letter he received from the Office of Prosecuting Attorney stating that it did not have a copy of his motions and requesting that he send them. Nevertheless, without regard to whether the Prosecuting Attorney had a copy of his motions and without regard to whether the clerk should have mailed him copies, the court had the motions. Therefore he was not denied access to the court. Furthermore, and again dispositively, the clerk's omission, even if it had been legally required, was harmless because ultimately his hearing was cancelled for reasons wholly unrelated to the prosecutor's lack of access to his motions. Even if the clerk had sent the prosecutor copies of the motions, the magistrate

judge would have still cancelled the hearing and referred the case to the State Public Defender. Therefore, he was not denied access to the courts nor were his constitutional rights impinged.

Mr. Perrey is clearly upset that the magistrate cancelled his hearing and referred his case to the State Public Defender. He is also upset that the State Public Defender did not promptly address his case. But even if the cancellation and referral were wrong and even if the resulting delay was intentional and malicious, neither the clerk nor anyone in the clerk's office can be held liable for those decisions and actions of others.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**ENTERED: July  12   , 2006**

_____**S/ ALLEN SHARP**_____
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**